# EXHIBIT 1



**U.S. Department of Justice**
Consumer Protection Branch

| | | |
|---|---|---|
| Phone: 202-616-0295<br>Fax:    202-514-8742 | **Overnight Delivery Address**<br>450 Fifth Street, NW, Sixth Floor South<br>Washington, D.C.  20001 | **Mailing Address**<br>P.O. Box 386<br>Washington, D.C.  20044 |

March 2, 2017

Guy Fronstin, Esq.
Law Offices of Guy Fronstin
1075 Broken Sound Parkway, NW, Suite 102
Boca Raton, FL 33487

William Barry Paul, Esq.
1075 Broken Sound Parkway, NW, Suite 102
Boca Raton, FL 33487

**Re:    Aaron E. Singerman, Proffer Letter**

Dear Messrs. Fronstin and Paul:

You have indicated that your client, Aaron E. Singerman, is interested in providing information regarding criminal activity of which your client is aware.  The U.S. Department of Justice, Consumer Protection Branch Office ("this Office") is willing to meet with your client pursuant to the terms of this letter so that your client can make a proffer to be evaluated by this Office. This letter contains the terms and conditions which shall govern your client's statements to this Office, and serves to document the ground rules for the debriefing by this Office of your client. The parties understand and agree to the following:

1.    This is not a cooperation agreement.  This Office is in no way offering to confer a sentencing benefit upon your client simply because your client has agreed to submit to an interview, and to date, no agreement to impart such a benefit upon your client has been made by this Office. Your client agrees not to seek, nor argue to any court, that your client should receive a sentencing benefit merely for providing information to this Office under the auspices of this agreement. Your client further knowingly and voluntarily agrees that any protections for your client's statements that your client may have under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) (both of which Rules include a provision that statements made during plea discussions with an attorney for the government are not admissible against a defendant except in very limited circumstances) are expressly waived.

Page 2 of 4

2.      Truthful Information.  Your client knowingly and voluntarily agrees to answer all questions, and provide all information relating to criminal activity of which your client is aware, in a complete, accurate and truthful manner. Your client agrees not to seek to protect any person or entity through false statement or through omission. Your client agrees not to falsely implicate any person or entity.

3.      No Direct Use.  This Office agrees that no statements made by your client during the debriefing conducted pursuant to this letter agreement will be used directly against your client in this Office's case-in-chief at trial in a criminal prosecution in the Southern District of Florida, except as set forth in the remainder of this letter agreement. Nothing in this agreement shall be interpreted to extend this limited grant of direct-use immunity beyond this Office's case-in-chief at trial and, solely to the extent set forth in paragraph 7, at sentencing.

4.      Crimes of Violence.  Statements pertaining in any way to crimes of violence are expressly excluded from the grant of direct-use immunity set forth above and may be used against your client in any proceeding or prosecution without limitation.

5.      Should this Office determine, in its sole discretion, that your client has (1) failed to abide by the terms of this agreement, (2) made any statement that is untruthful, inaccurate, misleading or incomplete, (3) deliberately withheld material information, or (4) committed any violation of law after signing this agreement, this Office shall be entitled to use in any prosecution or proceeding and without limitation any statements made by your client during this debriefing.

6.      Cross-Examination, Impeachment.  This Office also expressly reserves the right to use your client's statements in any cross-examination of your client or as impeachment evidence in the event that your client testifies at any trial or proceeding. Additionally, this Office may use, at any stage of any proceeding or criminal prosecution, your client's statements to rebut any evidence, argument, cross-examination, or representations offered by or on behalf of your client, regardless of whether your client testifies.

7.      Use of Proffer at Sentencing.  Your client understands and agrees that, under some circumstances including sentencing, this Office must provide to the court all or part of the contents of your client's proffer. Provided, however, that this Office determines, in its sole discretion, that your client has not (1) failed to abide by the terms of this agreement, (2) made any statement that is untruthful, inaccurate, misleading, or incomplete, (3) deliberately withheld material information, (4) committed any violation of law after signing this agreement, or (5) taken a position at sentencing contrary to your client's statements to this Office in your client's debriefing, this Office, consistent with U.S.S.G. § 1B1.8, agrees not to use as direct evidence at your client's sentencing any statements made by your client in this debriefing. This Office expressly reserves the right to use at sentencing any evidence derived from your client's statements.

Page 3 of 4

8.      <u>No Derivative Use Immunity.</u>  It is expressly understood and agreed that this letter shall in no way impart "derivative use immunity" to your client. This Office expressly reserves the right to pursue any and all investigative leads derived from your client's statements during this debriefing, and to use such derivative evidence in any criminal or civil proceedings against your client and/or other individuals. This provision is intended to eliminate any need for, or right or entitlement of your client to, a *Kastigar* hearing at which the government would otherwise have to prove that evidence offered against your client at a criminal trial is not derived from statements or other information provided pursuant to this letter.

9.      <u>No Transactional Immunity.</u>  It is expressly understood and agreed that this letter shall in no way impart "transactional immunity" to your client. This Office reserves the right to charge your client with any federal crime committed by your client. Nothing in this letter shall prevent this Office from bringing charges against your client, whether the evidence to support such charges comes into this Office's possession before, during, or after meeting with your client.

10.      <u>Disqualification of Government Attorneys.</u>  Your client agrees not to seek disqualification of any government attorney from any proceeding or prosecution because of that attorney's participation at any debriefing.

11.      <u>Entire Agreement.</u>  The entire agreement between this Office and your client is set forth in this letter. No additional promises, agreements, or conditions have been entered into, and none will be entered into unless reduced to writing and signed by all parties. Your client understands that no law enforcement agents have been or will be authorized to conduct plea discussions with your client.

Sincerely,

CHAD A. READLER
ACTING ASSISTANT ATTORNEY
GENERAL

By:      Alistair Reader
David A. Frank
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, D.C. 20044-0386

Page 4 of 4

I, Guy Fronstin, am counsel for Aaron Singerman.  I have explained to Aaron Singerman the terms and conditions set forth above and am satisfied that he understands and agrees to them.

Date: _____3|2|17_____

_____
Guy Fronstin
Attorney for Aaron Singerman

I, William Barry Paul, am counsel for Aaron Singerman.  I have explained to Aaron Singerman the terms and conditions set forth above and am satisfied that he understands and agrees to them.

Date: _____3/2/17_____

_____
William Barry Paul
Attorney for Aaron Singerman

I, Aaron Singerman, after having read the foregoing, and having it fully explained to me by my attorney, affirm that I understand the foregoing and voluntarily and knowingly agree that I will make a proffer under the terms and conditions set forth above. No other promises or inducements have been made to me other than those contained in this letter.  I am satisfied with the representation of my attorney in this matter.

Date: _____3/2/17_____

_____
Aaron Singerman