UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80030-CR-Dimitrouleas

UNITED STATES OF AMERICA

v.

PHILLIP BRAUN,
AARON SINGERMAN,
JAMES BOCCUZZI, and
BLACKSTONE LABS, LLC,

      **Defendants.**
_____/

### GOVERNMENT'S OPPOSITION TO
### MOTION TO DISMISS PURSUANT TO SPEEDY TRIAL ACT

1. The defendants' motion to dismiss for Speedy Trial Act violations is meritless and should be denied.  In an abundance of caution, the government recommends that the Court enter additional findings with the reasons for the Court's May 2019, August 2019 and March 2021 ends of justice continuances, in advance of denying the motion to dismiss.  United States v. Zedner, 547 U.S. 489, 506-07 (2006).  Fifty-nine days remain on the Speedy Trial Clock, which may restart after the October 12, 2021 trial date.  Although this is the third motion by the defendants making unsubstantiated claims about government misconduct, the current motion falls particularly flat given the defendants' many attempts to continue trial.

2. The defendants claim that the indictment must be dismissed for two reasons.  First, the defendants argue that the indictment should be dismissed for lack of findings to explain the Court's ends of justice continuances.  The defendants also concede that the Court's findings may be recorded at the time of ruling on a motion to dismiss.  Def. Mot. at 10

(citing United States v. Myrie, 479 F. App'x 898, 902 (11th Cir. 2012)). Accord United States v. Ammar, 842 F.3d 1203, 1207 (11th Cir. 2016) (noting that ends of justice findings may be recorded prior to court order on Speedy Trial motion to dismiss).

3. Second, the defendants argue that discovery violations or the timing of the indictment merit dismissal. These arguments are entirely meritless, were previously rejected by this Court, waived by defendants, and are unsupported by law or facts as discussed below.

## Ends of Justice Continuances

4. This Court has broad discretion in granting a continuance to serve the ends of justice, including to accommodate discovery and scheduling conflicts. See United States v. Vernon, 593 F. App'x. 883, 886 (11th Cir. 2012); United States v. Ragland, 434 Fed. Appx. 863, 867 (11th Cir. 2011) (finding no Speedy Trial Act violation where the court issued three continuances, *sua sponte*, in the interests of justice). Such a continuance is valid if the court sufficiently took into account the relevant statutory factors. United States v. Hatfield, 466 F. App'x. 775, 777 (11th Cir. 2012) ("An ends-of-justice continuance is valid if the court sufficiently took into account the relevant statutory factors.") (quoting United States v. Mathis, 96 F.3d 1577, 1579 (11th Cir. 1996)).

5. At each hearing on a continuance in this case, the Court entertained thorough argument from the defendants and government, thus creating a detailed record of why the continuance was appropriate. The Court subsequently entered written orders that the ends of justice outweighed the best interest of the public and defendants in a speedy trial.[1] In each Order, the Court referenced the defendants' motion to continue, which outlined their reasons for requesting a continuance, primarily seeking additional time to

---

[1] The orders cited the ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(8)(A). This section on ends of justice has been renumbered as 18 U.S.C. § 3161(h)(7)(A).

review discovery, to prepare for trial, and to account for defense counsels' scheduling conflicts.  ECF Nos. 145, 190, 375, 392, 429.

Speedy Trial Act Calculations

6. The government filed a Speedy Trial Act Report on May 3, 2019 detailing the Speedy Trial exclusions up to that date.  On May 3, 2019, sixty-one (61) days remained on the Speedy Trial Clock.   No defendant objected to the calculations in that Speedy Trial Act report.

7. Since May 3, 2019, the Court granted the following continuances:

- On May 3, 2019, the Court granted an unopposed defense motion to continue, ECF No. 138, and reset trial to January 6, 2020.  ECF Nos. 142, 145.  In their motion, the defendants requested a trial date of February 2020.[2]  The Court entered an order on May 6, 2019 excluding time from May 6, 2019 to until January 6, 2020.[3]  ECF No. 145.
   - Two days appear to have lapsed on the Speedy Trial Clock: May 4 & 5, 2019.

- On August 12, 2019, the Court granted a defense motion to continue trial, over government objection, until May 11, 2020.  ECF No. 190.  All four current defendants were questioned in court and agreed to the delay.  Id.  The Court entered an Order to continue as serving the ends of justice, and excluded time from August 12, 2019 to May 11, 2020.  Id.  In their motion, the defendants requested that a new trial not be set before October 2020.
   - No time lapsed on the Speedy Trial Clock since May 6, 2019.

- On March 13, 2020, Administrative Order 2020-18 continued all jury trials to March 30, 2020 due to the global COVID-19 pandemic, and made written findings that the continuance served the ends of justice.

- On April 3, 2020, Administrative Order 2020-24 continued all jury trials to June 6, 2020 due to the global COVID-19 pandemic, and made written findings that the continuance served the ends of justice. This order affected the pending trial date of May 11, 2020.

- On April 10, 2020, the Court entered an order to continue the pending trial until October 26, 2020, as serving the ends of justice, and excluding all time from April 10 to October 26, 2020. ECF No 375.  This order was in response to a joint motion by

---

[2] The government argued for a shorter continuance.
[3] The docket text refers to an exclusion of time to July 6, 2020; however, the Court's Order is clear that the time to January 6, 2020 is excluded.

the parties.
- No time lapsed on the Speedy Trial Act since May 6, 2019.

- June 29, 2020, Administrative Order 2020-42 continued all jury trials to October 13, 2020 due to the global COVID-19 pandemic, and made written findings that the continuance served the ends of justice.

- August 11, 2020, Administrative Order 2020-53 continued all jury trials to January 4, 2021, due to the global COVID-19 pandemic and made written findings that the continuance served the ends of justice. This order affected the pending trial date of October 26, 2020.

- On August 28, 2020, the Court entered an order to continue the trial until June 14, 2021, as serving the ends of justice, and excluding all time from August 28, 2020 to June 14, 2021. ECF No. 392. This was in response to a joint motion by the defendants, ECF No. 391, which requested the a date of June 14, 2021.
  - No time lapsed on the Speedy Trial Act since May 6, 2019.

- On October 10, 2020, Administrative Order 2020-76 continued all jury trials to April 5, 2021 due to the global COVID-19 pandemic, and made written findings that the continuance served the ends of justice.

- On February 10, 2021, Administrative Order 2021-12 continued all jury trials until May 3, 2021 due to the global COVID-19 pandemic, and made written findings that the continuance served the ends of justice.

- On March 22, 2021, the Court entered an order to continue the pending trial until October 12, 2021, as serving the ends of justice, and excluding all time from March 22 to October 12, 2021. ECF No. 429. This was in response to an unopposed motion by the defendants, ECF No. 427, which requested the first available trial date in March 2022.
  - No time lapsed on the Speedy Trial Act since May 6, 2019.

8. In summary, no time has lapsed from the Speedy Trial Clock since May 6, 2019, and there have been unbroken continuances pursuant to ends of justice holdings both by this Court and by Administrative Orders.

9. Currently, there are fifty-nine days on the Speedy Trial Clock, which may begin running on October 12, 2021, assuming no pretrial motions are pending.

### The Defendants' Arguments Are Meritless

10. For more than two years now, the defendants have repeatedly asked this Court for

4

lengthy continuances of the trial date. Most recently, the defendants asked the Court to continue the trial into January or March of 2022. Now, only seven days after their motion to continue was denied at the hearing on September 24, 2021, the defendants ask the Court to dismiss the indictment with prejudice because the trial was not held in 2019.

11. The defendants' main contention is that the August 12, 2019 continuance they requested – over government objection – should now not result in time being excluded under the Speedy Trial Act because "review of the record discloses but one potential justification – the Government's lack of diligent preparation." Def. Mot. at 12. These claims are not just recycled arguments that the Court denied in August 2019, ECF No. 190, but also completely contradicted by the defense's own motion at the time, the government's response, and the lengthy motion hearing. The government previously answered the defendants' claims in opposing the defendants' August 2019 motion to continue ECF No. 186 at 5-6. At the August 12, 2019 hearing, the Court carefully examined the parties' arguments for a continuance, and explained reasons for granting a continuance.[4]

12. All continuances since March 2020 were due to the coronavirus pandemic and Administrative Orders that waived STA and prevented the Court from holding the trial.

13. As recently as September 13, 2021, defense counsel represented to the Court that the defendants had consented to continue the case in writing when they again renewed a request for a continuance. ECF No. 469. The Court repeatedly made findings on the record supporting Speedy Trial Act continuances and repeatedly required the defendants

---

[4] For example, the Court made the following oral finding, among others: "I have to do what I think is fair to the defendants and fair to the government. I think that justice delayed is justice denied both for the defendants and for the government. So I think there a happy balance that the Court has to reach so that it's comfortable that the fine defense attorneys in this case can have the tools to advise their clients whether to go to trial or not and to defend them should they continue with their decision to rely on the presumption of innocence." Tr. of Hearing on Mot. Continue at 12 (Aug 12, 2019).

to personally appear and waive the Speedy Trial Act.

14. The government has diligently prosecuted this case. The one pre-pandemic continuance requested by the government was filed April 16, 2019 (less than 30 days after initial appearance) when two defendants had yet to be arraigned and it was unclear whether a <u>Garcia</u> hearing on their attorney conflict would be resolved before a May 3, 2019 calendar call. The Court immediately denied the government's motion for continuance, ECF No. 98 (April 17, 2019), and in any event, the defendants did not oppose the motion. Each defendant then filed a motion to continue and agreed to waive the Speedy Trial Act under oath at a May 3, 2019 hearing. Such waivers weigh heavily in a court's decisions as additional supporting evidence that the court has considered in its findings that the continuances serve the interests of justice. As such, the defendants' claims in the present motion are contradicted by the Court's own docket and are meritless.

<u>Defendants' Recycled Claims of Discovery Violations Lack Any Substance</u>

15. The supposed discovery violations listed by the defendants are fanciful and ignore this Court's orders. After their claims of government misconduct were rejected in August 2019, the defendants briefed and argued their claims of discovery violations for a second time at the March 2020 motions hearing, and their motions were denied. The defendants now renew those claims, and make new claims so lacking in merit as to be misleading or frivolous.

16. For example, the defendants claim that a July 2020 production is misconduct, where the production consisted of a memorandum of interview from a supplemental witness interview conducted in June 2020 seeking information *requested by the defendants*. To call this production a discovery violation is a frivolous argument unworthy of the Court's

time.

17. The defendants' next claim that a May 2021 government production is misconduct. This production contained copies of publicly filed information, plea agreements, and factual proffers for two co-conspirators. The defendants argue that a factual proffer in which a co-conspirator admitted conspiring with the defendants contains <u>Brady</u> material.[5] Def. Mot. at 17-19. The factual proffer is literally a statement of facts by a defendant describing the activities and intent that support his conviction for conspiring with Braun, Blackstone Labs and others to distribute controlled substances. Calling an obviously incriminating document <u>Brady</u> material does not make it a discovery violation. When a document was publicly filed, and produced to the defense months before trial, an argument that the production merits dismissal is frivolous and unworthy of the Court's time.

18. The allegation that the government's recent discovery productions in advance of trial constitute misconduct is frivolous and misleading. Since the March 2020 motions hearings, the government has produced less than 300 documents, including notice of more than 100 certificates of business records. The production also included 15 certified copies of court records from this case and related criminal cases against the defendants' co-conspirators, expert summaries in compliance with the Court's deadline, and transcripts of this Court's public proceedings. In short, the government has and continues to abide by its discovery obligations to the defendants, and has produced a small quantity of easily reviewable discovery.

19. The defendants' argument doubly fails because what they claim are discovery

---

[5] A signed factual proffer may be Jencks Act material if the cooperator testifies, but there is no discovery violation when the information is produced before trial.

"violations" are, in fact, evidence that the government has often exceeded its discovery obligations. For example, the government provided early <u>Jencks</u> materials in 2019, produced witness memoranda of interviews, identified key documents for defense counsel, and extensively searched and produced FDA regulatory records beyond the scope of Fed. R. Crim. Pro. 16.

20. The government will continue to produce discoverable information or documents that come into its custody and control, in accordance with its obligations.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendants' motion and, in an abundance of caution, enter additional findings as needed of the reasons for the ends of justice continuances that incorporate the defendants' and government's arguments in each motion for continuance.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
U.S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

　　*/s/ Alistair Reader*
ALISTAIR F. A. READER
Court ID A5502377
Trial Attorney
STEPHEN J. GRIPKEY
Court ID A5502620
Trial Attorney
JOHN W. BURKE
Court ID A5501294
Assistant Director

U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, D.C. 20044-0386
Alistair.F.Reader@usdoj.gov
(202) 353-9930
Stephen.Gripkey@usdoj.gov
(202) 307-0048
Josh.Burke@usdoj.gov
(202) 353-2001

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Alistair Reader*
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch