UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80030-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

AARON SINGERMAN,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch ("government") and **AARON SINGERMAN** ("defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 3 of the Indictment, which charges him with introduction of unapproved new drugs into interstate commerce with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(d), 333(a)(2), and 355(a), and Title 18, United States Code, Section 2; and to Count 4 of the indictment, which charges him with conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), and 846.

2. The government agrees to seek dismissal of counts 1, 2, 5, 9, 10, and 11 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. As to Count 3, the defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to three (3) years, followed by a term of supervised release for not more than one year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, or not more than the greater of twice the gross gain or twice the gross loss, pursuant to Title 18, United States Code, Section 3571(d). The Court also may order forfeiture and restitution.

As to Count 4, the defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of at least two years up to life. In addition to a term of imprisonment and supervised

release, the Court may impose a fine of up to $500,000, pursuant to Title 21, United States Code, Section 841(b)(1)(E)(i), or not more than the greater of twice the gross gain or twice the gross loss, pursuant to Title 18, United States Code, Section 3571(d). The Court also may order forfeiture and restitution.

These sentences of imprisonment may be run consecutively, for a total sentence of 13 years' imprisonment.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the government further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The government agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The government, however, will not

be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with the government by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the government, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the government; and (c) if requested by the government, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the government the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the government may make a motion prior to sentencing pursuant to Section 5K1.1 of the

Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the government to file any such motions, and that the government's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the government's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

**As to Count 3, the introduction of an unapproved new drug into interstate commerce:**

a. <u>Base offense level</u>. Under Guidelines Sections 2N2.1(c)(1) and 2B1.1(a), the base offense level is 6.

b. <u>Loss</u>. Under Sections 2B1.1(b)(1)(I) and 1B1.3, the loss is between $1,500,000 and $3,500,000. The offense level will increase by 16.

c. <u>Mass Marketing</u>. Under Section 2B1.1(b)(2)(A), the offense was committed through mass-marketing, and the offense level will increase by 2.

  d. <u>Role</u>.  Under Section 3B1.1(a), the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.  The offense level will increase by 4 levels.

### As to Count 4, conspiracy to distribute controlled substances:

  a. <u>Base offense level</u>.  The base offense level is 20, pursuant to Sections 2D1.1(a)(5) and 2D1.1(c)(10).

  b. <u>Mass-Marketing</u>.  The base offense level will increase by 2, pursuant to Section 2D1.1(b)(7), because controlled substances were distributed through mass-marketing by means of an interactive computer service.

  c. <u>Premises for distribution of controlled substances</u>: The base offense level will increase by 2, pursuant to Section 2D1.1(b)(12), because the defendant maintained a building or premises for the purpose of distributing controlled substances.

  d. <u>Role</u>.  Under Section 3B1.1(a), the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive.  Therefore, the offense level will increase by 4 levels.

  **GROUPING:** Under Chapter 3, Part D, there are two offenses. The offenses are grouped together for sentencing purposes, pursuant to Sections 3D1.2(d) and 3D1.3(b).

  12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.  The defendant understands and acknowledges, as

previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by the defendant and the government.

13. The defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against him in the amount of $2,900,000 (US) (hereinafter, the "Forfeiture Money Judgment"), which he admits and agrees is a sum of money equal in value to the property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation to which he agrees to plead guilty herein.

14. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the amount of the Forfeiture Money Judgment. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the government in seeking entry and full satisfaction of the Forfeiture Money Judgment.

15. The defendant knowingly and voluntarily agrees to fully satisfy the Forfeiture Money Judgment at or before sentencing in this case by tendering to the United States a cashier's check made payable to the United States Marshals Service in the full amount of the Forfeiture Money Judgment.

16. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the Forfeiture Money Judgment against him:

a. All constitutional, legal, and equitable defenses to such forfeiture;

b. Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

c. Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

d. Any right he may have to an appeal of any resulting order of forfeiture regarding the Forfeiture Money Judgment.

17. The defendant knowingly and voluntarily agrees and understands that the entry of the Forfeiture Money Judgment agreed upon herein shall not be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture.

18. Pursuant to Title 18, United States Code, Section 3663(a)(1)(A) and (a)(3), the defendant agrees to pay restitution. The amount of the restitution will be determined by U.S. Probation and the Court.

19. In furtherance of the collection of the Forfeiture Money Judgment and/or a restitution judgment, the defendant agrees to the following:

a. The defendant agrees to make full and accurate disclosure of his financial affairs to the government and Probation. Specifically, the defendant agrees that upon signing of this plea agreement, defendant shall submit a completed Financial Disclosure Statement and shall fully disclose and identify all assets in which the defendant has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to provide, in a timely manner, all financial information

requested by the government and Probation, and upon request, to meet in person to identify assets/monies which can be used to satisfy the Forfeiture Money Judgment and/or restitution judgment. In addition, the defendant expressly authorizes the government to obtain his credit report.

b. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the Forfeiture Money Judgment and/or restitution judgment is paid in full without prior approval of the government. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of the defendant's indictment or when the defendant became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

c. The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution. Defendant agrees that providing false or incomplete information about the defendant's financial assets, or hiding, selling, transferring or devaluing assets, and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (1) separate prosecution, including, under Title 18, United States Code, Section 1001; or (2) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.

d. The defendant agrees that any fine or restitution imposed by the Court will be due and payable in full within 10 days of the entry of judgment following the sentencing hearing, and the defendant will not attempt to avoid or delay payment. The defendant further agrees to liquidate assets, or complete any other tasks which result in immediate payment of the Forfeiture

Money Judgment and/or restitution judgment in full, or full payment in the shortest amount of time, as requested by the government.

e. The defendant shall notify, within 30 days, the Clerk of the Court and the government of: (1) any change of name, residence, or mailing address, and (2) any material change in economic circumstances that affects the ability to pay restitution.

20. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

21. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

22. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the government, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

23. This is the entire agreement and understanding between the government and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

Date: 11/17/2021

By: ALISTAIR F.A. READER
Trial Attorney
JOHN W. BURKE
Assistant Director
STEPHEN J. GRIPKEY
Trial Attorney
DAVID A. FRANK
Senior Litigation Counsel

Date: 11/10/21

By: Jim Durham, Esq.
Attorney for Defendant

Date: 11/10/21

By: Aaron Singerman
Defendant