UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80030-CR-Dimitrouleas/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AARON SINGERMAN,

    Defendant.
_____/

FILED BY ____KJZ____ D.C.

Jan 14, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## BOND REVOCATION AND DETENTION ORDER

The Defendant, Aaron Singerman, appeared before the Court on January 13, 2022, for a hearing on the Government's Motion to Revoke Bond Conditions and Request for Expedited Consideration Thereof ("Motion") [DE 616].

### I.    Background

On March 13, 2019, at Defendant's initial appearance, the duty United States Magistrate Judge released him on a $200,000 10% personal surety bond co-signed by Defendant's wife and a $500,000 PSB co-signed by Defendant's wife. [DEs 24, 34, 35]. The Court imposed all standard conditions. [DEs 34, 36].

On November 17, 2021, Defendant entered a guilty plea to Count 3 of the Indictment, which charges him with introduction of unapproved new drugs into interstate commerce with intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d), 333(a)(2), and 355(a), and 18 U.S.C. § 2; and to Count 4 of the Indictment, which charges him with conspiracy to distribute controlled substances, in violation of Title 21 U.S.C. §§ 841(a)(l), 841(b)(l)(E)(i), and 846. [DEs

1

533, 536, 537].

On December 3, 2021, the U.S. Probation Office submitted a Petition for Action on Conditions of Pretrial Release [DE 565], after Defendant was arrested for boating under the influence in Deerfield Beach, Florida, on November 23, 2021. The parties filed a Joint Motion to Modify Bond Conditions [DE 607], which was granted [DE 609]. Thus, as of December 17, 2021, Defendant was required to abide by the following additional conditions of release: (1) to refrain from any use of alcohol, or any use of a narcotic drug or other controlled substance, as defined under section 102 of the Controlled Substance Act, without a prescription from a medical practitioner; (2) to continue to participate in substance abuse and mental health treatment as directed by his medical providers; and (3) to comply with any restrictions on his driving privileges imposed by the State of Florida, including but not limited to not driving during any license suspension. [DEs 607, 609].

On January 10, 2022, the U.S. Probation Office submitted a Violation Memorandum—Request for Show Cause Hearing. Then, on January 11, 2022, the Government filed the Motion to Revoke Bond Conditions [DE 616]. In that Motion, the Government notified the Court that, on January 7, 2022, Defendant illegally drove a car, while admittedly under the influence of sleeping medication, and had a car accident. He has received new citations for careless driving and driving with a suspended license as a result of that accident.

## II. Summary of Hearing

At the January 13, 2022 hearing, the Court took judicial notice of the Memorandum from the U.S. Probation Office, the original Pretrial Services Report, and the entire docket in this case. The Court heard the sworn testimony of U.S. Probation Officer Steffi Jean-Jacques, the sworn

testimony of Dr. Darryl Appleton (a defense witness), the Government's proffer, and the arguments of defense counsel and Government counsel. The Court has also reviewed the Florida Traffic Crash Report and Florida Uniform Traffic Citation from January 7, 2022, and the Broward County Sheriff's Office Booking Report from November 23, 2021. The Government's proffer, the evidence, and the testimony of U.S. Probation Officer Steffi Jean-Jacques established that Defendant's bond conditions must be revoked and that Defendant must be detained pretrial pending sentencing. The relevant facts are as follows.

The evidence established that Defendant entered his guilty plea on November 17, 2021. On November 23, 2021—six days after he entered the guilty plea—Defendant was arrested for boating under the influence after he crashed his boat into parked vessels and a dock in Deerfield Beach, Florida. He has acknowledged probable cause for his boating under the influence charge. Next, Defendant's pretrial release conditions were modified on December 17, 2021, to include a condition that he comply with any restrictions on his driving privileges imposed by the State of Florida, including but not limited to not driving during any license suspension. On December 16, 2021, Probation Officer Jean-Jacques personally advised Defendant that his driver's license had been suspended and that he was not permitted to drive.

Then, on January 7, 2022, Defendant got into a car crash in Miami driving on his suspended license, while, according to the defense, he was under the influence of Ambien, in which crash he hit another car, crossed the median, and hit a palm tree. Defendant had to be extracted from his vehicle by Fire Rescue and required medical treatment at Aventura Hospital.

Defense counsel presented the testimony of Dr. Appleton, a psychiatrist, neurologist and sleep and addiction specialist, to establish that Dr. Appleton prescribed Defendant 5 mg of Ambien

on January 5, 2022. Dr. Appleton also testified that he spoke with Defendant within a few days of his January 7th accident. Dr. Appleton opined that Defendant had suffered from a side of effect of Ambien called parasomnia, that Defendant did not intentionally drive his car, and that amnesia prevents him from remembering the crash. Dr. Appleton has since instructed Defendant to stop taking Ambien.

### III.     Relevant Law

Pursuant to 18 U.S.C. § 3143(a), "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a).

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court

> shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…probable cause to believe that the person has committed a federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that…based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla. May 3, 2016); *United States v. Abovyan*, 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D.

Fla. Aug. 31, 2018).

## IV.   Analysis

The Court finds that the above law, facts, and proffer require the revocation of Defendant's bond and his pretrial detention.

Pursuant to 18 U.S.C. § 3148(b)(1)(A), the Court first finds that there is probable cause to believe that Defendant has committed a Federal, State or local crime while on release. These crimes include driving with a suspended license, driving while under the influence of Ambien, and boating under the influence. Second, the Court finds that there is clear and convincing evidence that Defendant has violated another condition of release by driving while his license was suspended, in violation 18 U.S.C. §§ 3148(b)(1)(b). Third, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(A), that, based on the factors set forth in 18 U.S.C. § 3142(g), which this Court has carefully considered, there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. Fourth, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release. Finally, in light of his post-plea misconduct, the Court cannot possibly find by clear and convincing evidence that Defendant is not likely to pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). *See* 18 U.S.C. § 3143(a).

Based upon the evidence presented at the hearing, the proffer from the Government, the testimony of Probation Officer Jean-Jacques, counsel's arguments, and a complete review of the file, and as stated on the record on January 13, 2022, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), which the Court has carefully considered, there is no condition or

combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.

Further, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. Defendant has gotten into two dangerous accidents within two months of his guilty plea. There is an escalating pattern of reckless behavior which has caused damage to personal property and to Defendant himself. The Court simply no longer trusts Defendant to comply with any of its orders or release conditions. Therefore, the Court orders that Defendant's bond be revoked and that Defendant be detained pursuant to 18 U.S.C. § 3148 and 18 U.S.C. § 3142.

### V. Conclusion

In sum, the Undersigned Judge simply does not trust Defendant Singerman to abide by any condition or combination of conditions of release set by this Court. It is clear to the Court that the Defendant believes he can do whatever he wants to do despite Court orders to the contrary. Defendant needs to learn this is not the case in federal court. After pleading guilty to serious felony offenses, Defendant Singerman promptly drove a boat while under the influence of alcohol, crashed the boat and caused property damage, then shortly thereafter drove on a suspended license in violation of his bond conditions and caused a serious crash which disabled both vehicles and sent him to the hospital. Enough is enough. If released, Defendant presents a clear danger to the community, to persons in the community, and to himself. Defendant by his conduct has forfeited his opportunity to remain on bond pending sentencing. Defendant is remanded to the custody of the U.S. Marshal.

Accordingly, **IT IS HEREBY ORDERED** that that Defendant is committed to the custody

of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of a court appearance.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 14th day of January, 2022.

/s/ William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge