UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

**AARON SINGERMAN,**

    **Defendant.**

_____/

## DEFENDANT SINGERMAN'S UNOPPOSED MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT PURSUANT TO FED. R. CRIM. P. 36

Defendant Aaron Singerman, by and though his undersigned attorneys, hereby moves this Court, pursuant to Fed. R. Crim. P. 36 and without opposition by the Government, to correct a clerical error in the written judgment entered against him in this case.

Mr. Singerman was sentenced by this Court on January 27, 2021. During that sentencing hearing, the Court imposed a special condition that restricted Mr. Singerman's involvement in related concerns during his period of supervised release. Specifically, this Court stated:

> I order that [Mr. Singerman] not own, operate or act as an employee, consultant in, or participate in any manner in the manufacture of dietary nutrition supplements during the period of the supervision.
>
> I'll make an exception that he can be involved and have ownership in REDCON, LLC.

(Doc. 681-Pg. 63.) That special condition mirrored the form recommended by the Probation Office in the Presentence Investigation Report presented to the Court prior to sentencing:

> The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in the manufacturing of dietary/nutrition supplements during the period of supervision. Employment in sales or marketing of dietary/nutrition supplements is permitted with third-party disclosure. This condition shall not be interpreted to preclude the defendant's ownership or involvement in Redcon1, LLC.

(Revised Singerman PSI ¶ 235.)

The following day, January 28, 2021, this Court entered written judgment against Mr. Singerman. (Doc. 668.) While most aspects of that judgment track the oral pronouncement made by the Court during the sentencing hearing, the related-concern restriction set out in the judgment is different. According to the written judgment, Mr. Singerman "shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision." (*Id*. at 5.) The judgment does not limit the related-concern restriction to manufacturing of dietary supplements, and it provides no exception for Mr. Singerman's continuing involvement in the RedCon1 business. By failing to incorporate those aspects of the Court's oral pronouncement, the written judgment significantly alters the Court's sentence to the detriment of Mr. Singerman.

This Court's oral pronouncement controls, *see United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000), but confusion would result if the erroneous written judgement was permitted to stand. Rule 36 of the Federal Rules of Criminal

Procedure permits this Court "to correct a clerical error in a judgment . . . or correct an error in the record resulting from oversight or omission." *See* Fed. R. Crim. P. 36. That rule applies specifically to allow the Court "to ensure that the judgment is in accord with the oral sentence." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000); *see also United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004).

Prior to filing this motion, undersigned counsel conferred with Alistair Reader, counsel for the United States, regarding the error contained in Mr. Singerman's written judgment. Undersigned counsel has been authorized by Mr. Reader to represent that the government does not object to Mr. Singerman's instant motion.

Mr. Singerman therefore requests, pursuant to Rule 36, that the written judgment against him now be corrected and amended to conform to the Court's oral pronouncement of the related-concern restriction that applies to his supervised release.

Respectfully submitted, this 9th day of February, 2022.

**GRIFFIN DURHAM TANNER
& CLARKSON LLC**

By:   /s/ *R. Brian Tanner*
James D. Durham (*admitted pro hac vice*)
Georgia Bar No. 235515
jdurham@griffindurham.com
R. Brian Tanner (*admitted pro hac vice*)
Georgia Bar No. 697615
btanner@griffindurham.com
7 East Congress Street, Suite 703
Savannah, GA 31401
P/F: 912-867-9140

**OLIVER MANER LLP**
William J. Hunter (*admitted pro hac vice*)

Georgia Bar No. 141288
bhunter@olivermaner.com
218 West State Street
P.O. Box 10186
Savannah, GA 31412
P: 912-236-3311
F: 912-236-8725

**MORSE & MORSE, LLC**
Amy Morse
Of Counsel to Richard G. Lubin, P.A.
FL Bar No.: 0388475
amy@morselegal.com
707 North Flagler Drive
West Palm Beach, FL 33401
P: 561-651-4145
F: 561-655-2182

**RICHARD G. LUBIN, P.A.**
Richard G. Lubin
Florida Bar No. 182249
rich@lubinlaw.com
707 North Flagler Drive
West Palm Beach, FL  33401
P: 561-655-2040
F: 561-655-2182

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2022, I electronically filed the foregoing document with the Clerk of Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>*/s/ Amy Morse*
>Amy Morse, Esq.